No. 2465.—THE STATE OF LOUISIANA, ex rel. A. WILLOZ, v. S. N. BURBANK, Treasurer Metropolitan Police Board.

A mandamus can not issue to a public officer or a public body to compel the performance of any act where they have a discretionary power. Nor will the writ issue to compel the treasurer of a corporation to pay a demand when there is no money in the treasury.

A writ of mandamus can not issue against the same body to compel the performance of two separate and distinct acts, the one not depending upon or growing out of the other. In such a case separate and independent writs must issue.

The Board of Metropolitan Police can not be compelled, by mandamus, issued at the request of a creditor, to receive an amount of funds alleged to be in the hands of the State Treasurer to their credit, because they, (the board), have the discretionary power to receive or refuse to receive the funds.

APPEAL from Fifth District Court, parish of Orleans. *Leaumont, J. E. Filleul,* for Board of Metropolitan Police, appellants. *E. Bermudez,* for relator, appellee. *J. Hawkins,* for S. N. Burbank, treasurer, appellee.

LUDELING, C. J. The relator represents that " he is the holder and owner of one hundred and thirty-two warrants issued by the chief clerk of the Board of the Metropolitan Police, (for the pay of the police organized under the provisions of an act entitled An Act to establish a Metropolitan Police District, etc.), on S. N. Burbank, the treasurer of said board, who has accepted the same for payment, forming, in the aggregate, a sum of nine thousand nine hundred and ninety-nine dollars and seventy-five cents, as appears by said warrants, which are themselves annexed as parts of this petition. * * That said warrants being due, petitioner has applied for payment of the same to said Burbank, who stated that he had no funds at the time to meet the same ; that the State Treasurer has in his possession, to the credit of said Burbank and board, the sum of seventy thousand dollars and upwards, which he has offered to transfer to said board and treasurer for the purpose of paying the warrants issued in conformity with said law, and now due and exigible, but that said board and its treasurer refuse, without cause, to receive said sum from said Treasurer, and it is their duty to do ; that petitioner has a right to compel said Burbank, treasurer, to receive from said State Treasurer said sum of seventy

thousand dollars and more, and to have the same applied to the payment, by said Burbank, treasurer, of petitioner's warrants, amounting to $9,999 75. Wherefore, petitioner prays that a writ of mandamus issue herein commanding said Burbank, treasurer of said Board of Metropolitan Police to apply for and to receive from the State Treasurer the sum of seventy thousand dollars or more, and out of the same to pay petitioner the sum of $9,999 75, as first applicant for payment, or show cause to the contrary, on such day and hour as the court may fix; that, in the meantime, said Burbank be prohibited from receiving and issuing the same to the injury of petitioner, and that after due proceedings said mandamus be made peremptory," etc.

The alternative writ was issued as prayed for. Subsequently a. supplemental petition was filed alleging that the city of New Orleans. had placed in the hands of the State Treasurer seventy thousand dollars and upwards to pay the police in said city; that the Board of Metropolitan Police, has, without cause, refused to receive said sum from said State Treasurer and to apply the same to the payment of said city police, and that it still refuses to do so. He prays that said Metropolitan Police Board, through its president, Oscar J. Dunn, and its members, (naming them), be commanded, by mandamus, to receive said sum of money from the State Treasurer and to apply the same to the payment of petitioner's warrants in preference to all other warrant. holders, as first applicant, etc.

An exception was filed, which we deem unnecessary to notice.

Burbank's answer is simply a general denial.

The answer of the Board of Metropolitan Police averred that the. apportionment of expenses for the support of the Metropolitan police having been made by the board, the city of New Orleans was assessed at the sum of $805,635. The city offered to pay the said assessment to the State Treasurer, provided the board would, by resolution, authorize the treasurer to receive, at par value, city bonds bearing seven per cent. interest, which proposition the board refused to accept, on the ground that they had no authority, and for other reasons communicated to the State Treasurer on the seventeenth July, 1869.

On the nineteenth of October the State Treasurer informed the board that he had received from the city $805,635 of the said bonds, and had sold them at a large discount for account of the Board of Metropolitan Police, and presented to them his account of said funds for their approval and acceptance.

The board thus called upon to approve or disapprove an account, have exercised their discretionary power by refusing to approve said account, leaving the difficulty yet pending and unsettled between the State Treasurer and the board.

That by reason of these obstacles the money in the hands of the Treasurer of the State has not been transferred to the Metropolitan treasury, which is now empty.

That no mandamus can issue to public officers or public bodies to perform any act where they have a discretionary power.

That, there being no money in their treasury, a mandamus to pay money would be a vain thing, and on that ground can not be granted.

That a mandamus, commanding your respondents to receive the amount tendered by the State Treasurer, would be a command to the board to ratify the receipts, sale and discount of the city seven per cent. bonds (which is expressly forbidden by Act No. 49, 1869), and would involve the board in heavy responsibilities, and substitute the judgment of the court to the judgment of the board.

That the mandamus should not issue, because the relator has not made any demand on the board, nor has he made any proffer of the warrants held by him, and that the acts to be performed are not specifically set forth, and accurately described.

That they are distinct acts, not dependent the one upon the other, and can not be included in one mandamus; that one of the acts to be performed, to wit: to receive money from the State Treasurer, does not depend upon the will of your respondents, but upon the will of the State Treasurer, etc.

That no mandamus can issue to the treasurer of the board, distinct from a mandamus addressed to the corporation—the treasurer being a subordinate, subject to the will of the governing body, etc.

On the day fixed for trial, it appears, from the brief of the counsel for the Board of Metropolitan Police (but there is nothing in the record to show it), that the suit was discontinued, as against the Board of Metropolitan Police; and the following admissions were made by counsel for Burbank, to wit:

" That, since the institution of these proceedings, to wit, on Tuesday or Wednesday, Mr. Burbank has received from the State Treasurer $585,790 47, with $11,000 reserved for the payment of the Police Commissioners. A suit was brought in the Sixth District Court, on the twenty-first of this month, by J. B. Howard, agent, for the sums following, to wit: Antoine Dubuclet, $490,000; Mr. J. Hernandez, $16,000; Mr. H. Newgass, $10,000; Octave Belot, $26,000; and sundry other persons, in which the mandamus was made peremptory. On the same day, a mandamus on S. N. Burbank was made peremptory, in favor of W. Pugh, for $37,538 07. On the same day, a like mandamus was made peremptory, in favor of Davidson & Hill, for $12,813 66. On the twenty-second day of October, Hughes & Dejean, representing numerous policemen, obtained judgment against Burbank for $16,277 18. *On Monday, the twenty-fifth of October*, S. N. Burbank, treasurer, obtained a mandamus on *Antoine Debuclet* to pay over to him, as treasurer, $596,790 47, less $11,000, reserved for the commissioners. Mr. S. N. Burbank, treasurer, as he understands, has paid to *Antoine Debuclet*, as a citizen and holder of warrants, about $490,000."

State of Louisiana, ex rel. Willoz, v. Burbank, Treasurer Metropolitan Police Board.

Upon this evidence, and the pleadings, the judge *a quo* made the mandamus peremptory against Burbank.

It is lamentable to witness such flagrant abuse of legal remedies, and such shameful dereliction of official duties as are shown by this record. The answer filed by the Board of Metropolitan Police furnish good and sufficient reasons why the mandamus should not have been made peremptory.

It is therefore ordered and adjudged that the judgment of the district court be reversed, and that the petitioner's application be dismissed, with costs of both courts.